

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2006

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1696

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Chen v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1297.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1297

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-1696

BAO YING CHEN;
JIN BAO LIU,
Petitioners

v.

ALBERTO GONZALES, ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA;
BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondents

On Petition for Review of a Final Decision
of the Board of Immigration Appeals
BIA Nos. A72-432-397 & A77-713-720

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
March 31, 2006

Before: SMITH and COWEN, *Circuit Judges*,
and ACKERMAN, *District Judge*[*]

(Filed: April 6, 2006)

OPINION

SMITH, *Circuit Judge*.

_____

[*]The Honorable Harold A. Ackerman, Senior District Judge for the District of New
Jersey, sitting by designation.

Bao Ying Chen, the lead petitioner, and her husband, Jin Bao Liu, petition for review of the final order of the Board of Immigration Appeals ("BIA") affirming the denial by the Immigration Judge ("IJ") of Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ exercised jurisdiction pursuant to 8 C.F.R. § 208.2(b). The BIA possessed jurisdiction under 8 C.F.R. § 1003.1(b). We conduct our review consistent with 8 U.S.C. § 1252(b).

Chen seeks asylum on the basis of political persecution because of her opposition to China's coercive family planning policy. She testified that she and Liu were married in 1981 and had a son in 1982. After the birth of their son, she claimed that an intra-uterine device ("IUD") was forcibly inserted. Despite the IUD, Chen became pregnant in 1985. At two months, this pregnancy, according to Chen's testimony, was forcibly aborted. Although another IUD was inserted, Chen testified that she became pregnant again in December 1990. Because she and Liu wanted to keep this child, Chen went into hiding and Liu came to the United States. By her account, she successfully hid for eight to nine months, until family planning officials found her and forcibly took her to the hospital and aborted the child. After this incident, Chen tried to come to the United States on several occasions, finally succeeding in February of 1999. Subsequently, in December of 1999, Chen delivered a daughter.

The IJ found that neither Chen nor Liu were credible. He pointed out that Chen's asylum application failed to mention that she had a forced abortion in 1985. Although Chen explained that she did not include this incident because the procedure was

2

performed in a clinic and she did not have a certificate, the IJ did not find the explanation satisfactory in light of the significance of such an event.

The IJ also considered suspect the claim of a forced abortion in 1985 because Liu did not mention it in his asylum application, which was filed shortly after his arrival in 1991. In fact, Liu's application also failed to mention that Chen was again pregnant and hiding from family planning officials. Instead, the application falsely claimed that, contrary to the one child family planning policy, he had a second son born in 1989. For her part, Chen declared during the hearing before the IJ that she had not delivered a second child in 1989.

The IJ was not satisfied that Chen's 1990 pregnancy was forcibly aborted. He noted that her testimony and the certificate she produced relative to the procedure indicated that the pregnancy was almost full term and that efforts had been taken to save the life of the mother and child. Chen testified that she was taken to the hospital and that a procedure was done. The following day, according to her testimony, the doctor advised that a caesarean section would be performed if she was unable to deliver the baby. The certificate Chen submitted in support of her claim stated that labor was induced, but that the womb was not "open[ing] up" and that there were symptoms of "womb rupture." The certificate further read: "caesarean section was performed to complete the induced labor procedure. A male baby was born dead." In light of this testimonial and documentary evidence, the IJ concluded Chen had not been subjected to a forcible abortion. As additional support for disbelieving Chen's claim that she was forced to abort her

3

pregnancy, the IJ also cited Liu's failure to amend his asylum application to include this significant event at the heart of petitioners' claim for asylum.

Both Chen and Liu testified that they feared persecution if they returned to China. The IJ found the credence of this claimed fear to be undermined by the fact that Liu had tried to return to China on two occasions to visit his wife.

The IJ denied Chen's application for asylum, withholding of removal, and relief under the CAT. Chen appealed, challenging the adverse credibility finding. The BIA affirmed. It noted that the IJ's adverse credibility finding was based on "material, unexplained inconsistencies and omissions in the testimony describing the circumstances surrounding the alleged abortion." As support for its decision, the BIA cited Chen's testimony about her abortions, documentary evidence from the record, and Liu's asylum application. The BIA explained that Chen had not offered a convincing explanation for the discrepancies and declared that "we are not left with the definite and firm conviction that the Immigration Judge's finding is clearly erroneous." Accordingly, Chen's appeal to the BIA was dismissed.

Chen filed a timely petition for review. Because the BIA cited some of the inconsistencies and also relied on the IJ's finding, we have jurisdiction to review both the BIA's and the IJ's opinions. *Xie v. Ashcroft*, 359 F.3d 239, 242 (3d Cir. 2004). Our review is limited as the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). This standard requires that the agency findings be supported by

4

substantial evidence. *Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003) (en banc). In *Dia*, we reiterated that the substantial evidence standard also applies to adverse credibility determinations and that "specific, cogent reasons" should be given for finding a witness not credible. *Id*. (quoting *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002) (internal quotation marks omitted)). The "reasons must bear a legitimate nexus to the finding." *Balasubramanrim v. INS*, 143 F.3d 157, 162 (3d Cir. 1998). While inconsistencies may warrant an adverse credibility determination, the inconsistencies should "involve the 'heart of the asylum claim.'" *Gao*, 299 F.3d at 272 (quoting *Ceballos-Castillo v. INS*, 904 F.2d 519, 520 (9th Cir. 1990)).

Here, after a careful review of the record, we find no error by the BIA or the IJ. The inconsistencies identified by the IJ and the BIA are supported by the record and they relate to the heart of Chen's claim that she was persecuted on the basis of her opposition to China's family planning policy. Because there is substantial evidence to support the adverse credibility finding as to both Chen and Liu, we will deny the petition for review.