

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2009

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3705

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Chen v. Atty Gen USA" (2009). *2009 Decisions.* Paper 2003.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2003

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3705
_____

BAO YING CHEN; JIN BAO LIU,

Petitioners,

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
Agency Nos. A77-713-720; A72-432-397
Immigration Judge: Rosalind K. Malloy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 21, 2009

Before: BARRY, SMITH and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 22, 2009)
_____

OPINION
_____

PER CURIAM

Petitioners Bao Ying Chen and Jin Bao Liu, natives and citizens of the People's

Republic of China, and wife and husband, were ordered removed by an Immigration

Judge after they were found not credible and after their requests for asylum, withholding

of removal, and relief under the Convention Against Torture were denied.[1]  In a decision dated February 4, 2005, the Board of Immigration Appeals upheld the IJ's adverse credibility finding, affirmed the decision, and dismissed the appeal.  We dismissed Chen's petition for review in Chen v. Gonzales, 173 Fed. Appx. 959 (3d Cir. 2006).

Chen sought asylum on the basis of political persecution because of her opposition to China's coercive family planning policy.[2]  Chen and Liu were married in 1981, had a son in 1982, and, after coming to the United States in 1999, Chen gave birth to the couple's daughter.  At the merits hearing on June 19, 2002, both Chen and Liu testified that they feared they would be subjected to forced sterilization by local Chinese family planning officials because they already have two children.  In affirming, the Board noted material, unexplained inconsistencies and omissions in the testimony surrounding an alleged forced abortion, citing Chen's testimony, documentary evidence from the record, and Liu's asylum application.[3]  After careful review of the record, we found substantial

---

[1] Chen is the lead petitioner, and we thus will refer primarily to her throughout our Opinion.

[2] To qualify for asylum or withholding of removal, an applicant must establish that she has a well-founded fear that she will be persecuted if removed to her home country on account of race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. §§ 1101(a)(42), 1158(b), 1231(b)(3).  "[A] person who has a well founded fear that he or she will be forced to [abort a pregnancy or undergo involuntary sterilization] or [is] subject to persecution for [failure, refusal, or resistance to undergo such a procedure] shall be deemed to have a well founded fear of persecution on account of political opinion."  8 U.S.C. § 1101(a)(42)(B).

[3] An applicant bears the burden of proving eligibility for asylum based on specific facts and credible testimony.  8 C.F.R. § 208.13(a); Abdille v. Ashcroft, 242 F.3d 477,

evidence to support "the adverse credibility finding as to both Chen and Liu." Id. at 961.

On March 1, 2007, Chen filed a motion to reopen proceedings with the Board. In it she contended that she and Liu had new evidence, not previously available, that China has a policy that Chinese nationals with two children will be subject to family-planning enforcement upon resettlement in China, and that her motion was not untimely under the "changed circumstances" exception of 8 C.F.R. § 1003.2(c)(3)(ii). The evidence submitted with the motion included a marriage certificate, household registration booklet, and birth certificate (Exhibits A-C), and other evidence, which we set forth in the margin, directly bearing on Chen's assertion of a persecutory policy.[4] No State Department Country Reports were submitted with the motion. In a decision dated August 13, 2007, the Board denied Chen's motion to reopen removal proceedings. This timely petition for

---

482 (3d Cir. 2001).

[4] The other evidence was as follows: affidavits of Jin Bao Liu and Bao Ying Chen dated January 11, 2007 (Exhibit D); affidavit of John Shields Aird, dated September 30, 2004 (Exhibit E); RefLex, Issue 70 – July 7, 1997, Canadian Immigration and Refugee Board (Exhibit F); an article from "Road to East Asia," Vol 1, June-August 1996 (Exhibit G); an article from "Population Research Institute Review," Vol. 9, April/May 1999 (Exhibit H); a transcript from ABC News Nightline, June 9, 1998 (Exhibit I); Liu v. Gonzales, No. 03-4219 (2d Cir. September 28, 2006) (summary order) (Exhibit J); Guo v. Gonzales, 463 F.3d 109 (2d Cir. 2006) (Board abused its discretion in failing to consider documents purporting to show that foreign-born children would be counted in determining violations of China's one-child policy) (Exhibit K); an Administrative Opinion, Changle City Family-Planning Administration, May 22, 2003 (Exhibit L); an Administrative Decision, Fujian Province, Department of Family Planning Administration, 2003 (Exhibit M); an article from Martindale-Hubbell International Law Digest, August 7, 2006 (Exhibit N); and an article from The New York Times, August 24, 2006 ( Exhibit O).

review followed.

We will grant the petition for review, vacate the Board's August 13, 2007 decision, and remand the matter for further proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), (b)(1). We review the denial of a motion to reopen for abuse of discretion. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). We will not disturb the Board's decision unless it is arbitrary, irrational, or contrary to law. Id. Chen contends on appeal that the Board's rationale in refusing to reopen proceedings and its failure to consider relevant evidence annexed to her motion to reopen constituted an abuse of discretion. We agree. In vacating the Board's order and remanding for further proceedings, we rest our holding solely on procedural deficiencies we find in the proceedings concerning the motion to reopen. We do not reach the substantive issues whether Chen has (1) made out a prima facie case of eligibility for asylum or the related relief, or (2) established changed country conditions in China with respect to stepped-up or abusive local enforcement of its family planning policy.[5]

The regulation governing motions to reopen provides that: "A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material.... A

---

[5] We lack jurisdiction to address Chen's arguments concerning the IJ's adverse credibility determination, because the underlying immigration proceedings are not before us. 8 U.S.C. § 1252(b)(1) (providing for thirty day period in which to file petition for review).

4

motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing ...." 8 C.F.R. § 1003.2(c)(1). Although a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened," 8 C.F.R. § 1003.2(c)(2), this time limitation does not apply if the alien seeks reopening "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). See also 8 U.S.C. § 1229a(c)(7)(C)(ii).

Properly identifying Chen's claim that she and her husband had new evidence that Chinese nationals who return with children born in the United States may be subjected to sterilization, the Board reached two conclusions: the motion was untimely and the changed circumstances exception did not apply.[6] The Board's conclusion that the motion to reopen

---

[6] Following its conclusion that the motion was untimely, and prior to addressing the issue of changed circumstances, the Board stated that it was "unlikely" that Chen had a realistic chance of establishing eligibility for asylum based on the Board's prior affirmance of the IJ's original adverse credibility determination. Although, in addressing a motion to reopen, the Board may "leap ahead" over the threshold issue of whether the alien has introduced previously unavailable, material evidence that justifies reopening, and "simply determine that even if they were met, the [alien] would not be entitled to the discretionary grant of relief," Immigration & Naturalization Serv. v. Abudu, 485 U.S. 94, 105 (1988), here, the Board's statement that it was "unlikely" that Chen had a realistic chance of establishing eligibility for asylum does not contain the necessary certainty to qualify it as an alternative holding, and we will not treat it as such.

was untimely because it was not filed within 90 days of the Board's previous decision was not an abuse of discretion. See 8 C.F.R. § 1003.2(c)(2). With respect to whether the "changed circumstances" exception to the timeliness requirement applied, the Board stated that "the majority of the evidence provided with the motion and all of the evidence directly cited in the motion were available to [Chen and Liu] and could have been presented at the previous hearing." For example, the "main article" relied upon, the "Reflex" article, was previously submitted. To the extent that roughly half of the evidence Chen submitted with her motion to reopen was old and could have been, or was, presented at the original merits hearing, the Board did not abuse its discretion. The July 1997 RefLex, Issue 70, from the Canadian Immigration and Refugee Board, was attached as Exhibit F to the motion to reopen. Other old evidence included the 1996 "Road to East Asia" article (Exhibit G), the 1999 "Population Research Institute Review" article (Exhibit H), and the 1998 ABC News Nightline transcript (Exhibit I).

The Board went on to state that there was only one piece of evidence dated subsequent "to the Immigration Judge's decision," the John Aird affidavit, which the Board had previously determined was too general, and not based upon personal knowledge, to be persuasive of changed circumstances regarding China's enforcement of its family planning policy. The Board cited its decisions in Matter of C-C-, 23 I. & N. Dec. 899 (BIA 2006), and Matter of J-W-S-, 24 I. & N. Dec. 185 (BIA 2007). Therefore, the Board concluded, the evidence submitted did not establish that circumstances in China

had changed since Chen and Liu's "hearing before the Immigration Judge." Insofar as we too have rejected Aird's position, see Yu v. U.S. Att'y Gen., 513 F.3d 346, 348-49 (3d Cir. 2008), the Board did not abuse its discretion in rejecting this new evidence.

However, we conclude that the Board abused its discretion in determining that only the Aird affidavit was new and material. In her Memorandum of Law attached to the motion to reopen, Chen cited directly the following other evidence, in addition to the Aird affidavit, that was new: an Administrative Opinion from the Changle City Family-Planning Administration, dated May 22, 2003 (Exhibit L), an Administrative Decision from Fujian Province Department of Family Planning Administration, dated 2003 (Exhibit M), an entry from the Martindale-Hubbell International Law Digest, dated August 7, 2006 (Exhibit N), and an article from The New York Times, dated August 24, 2006 (Exhibit O). A.R. 21-23. All of these items post-date the June 19, 2002 merits hearing and provide relevant information.[7]

Evidentiary material may only be presented at a merits hearing before the IJ. See Filja v. Gonzales, 447 F.3d 241, 252-53 (3d Cir. 2006). The date of the merits hearing,

_____

[7] Chen also submitted two 2006 decisions from the Court of Appeals for the Second Circuit (Exhibits J and K), but these cases added nothing more in that they merely discuss the significance of Chen's Exhibits L and M, the 2003 Changle City Family-Planning Administration Opinion and 2003 Fujian Province Department of Family Planning Administration Decision. Chen also submitted her own and her husband's recent affidavits, but, after careful review, we conclude that these affidavits are too general to be persuasive of changed circumstances regarding China's enforcement of its family planning policy.

and not the date of the IJ's decision (if they are different as they were here), is the critical date in determining whether evidence is new. Id. In Chen's case, the testimony was completed on June 19, 2002 "with the exception of questions regarding [Liu's] I-94, if he's able to locate it." A.R. 403.[8] The hearing was continued over on March 18, 2003, and then, on July 29, 2003, the government asserted that it had "diligently [run] the I-94 number [supplied by Liu] ... through the system" but could not locate another "A" file for him, A.R. 423. Thus, although the proceedings were continued a number of times to permit Chen to submit an additional document, the record discloses that there were no further hearings on the merits after June 19, 2002. Therefore, on the record before us, *any* evidence dated after June 19, 2002 is new. We note that the IJ's decision is dated "August 1, 2003" throughout, A.R. 221-254, and also bears a date-stamp of "February 20 2004," A.R. 221. Although the actual date of the IJ's decision is thus far from clear on this record, there is no indication whatever that a merits hearing was held on either of these dates. Accordingly, the Board abused its discretion in concluding that only the Aird affidavit was new.

The other new evidence also was potentially material. The 2003 Changle City Family-Planning Administration decision stated that where either parent remains a Chinese national with no permanent residence overseas, any child of such a couple is deemed a

---

[8] An I-94 Arrival-Departure Record is regarded as an identification document, see, e.g., United States v. Hammoude, 51 F.3d 288, 292 (D.C. Cir. 1995). Liu wished to submit this item to the IJ.

Chinese national and shall be treated as such for domestic administrative purposes. See Guo, 463 F.3d at 112-13 (discussing contents of 2003 Changle City decision). The decision states that Chinese nationals having children in violation of China's family-planning policies will be sanctioned according to family-planning rules and regulations enforced at the local level. Id. The Fujian Province Department of Family-Planning Administration affirmed the Changle City opinion. Id. (discussing contents of 2003 Fujian Province decision). In The New York Times article, "China sentences blind activist to prison," it states: "But Shandong government officials turned bitterly against [Chen Guangcheng] in early 2005. It was then that he sought to represent thousands of local residents forced to abort fetuses or submit to sterilization operations so that Linyi City, Shandong, could meet its population-control quotas." Chen notes in her brief on appeal that the 2006 State Department Report on Country Conditions in China confirms Chen Guangcheng's plight for having exposed family planning abuses, and suggests that the central government is punishing whistle blowers, rather than local officials who use forcible measures to accomplish China's family planning policy.[9]

As we recently emphasized in Zheng v. U.S. Att'y Gen., — F.3d — , 2008 WL 5006072 (3d Cir. November 26, 2008), the Board has "'a duty to explicitly consider any

---

[9] Chen has asked us to take judicial notice of the 2006 State Department Country Report on China, which she did not submit with her motion to reopen. Insofar as we do not reach the substantive issue of changed circumstances in China, and are remanding, we think it more appropriate for her to make a request that the Board take administrative notice of the Report.

9

country conditions evidence submitted by an applicant that materially bears on his claim," and "[a] similar, if not greater, duty arises in the context of motions to reopen based on changed country conditions.'" Id. at *8 (quoting Guo, 463 F.3d at 115). See also Yang v. Gonzales, 427 F.3d 1117, 1122 (8th Cir. 2005) ("If an agency makes a finding of fact without mentioning or analyzing significant evidence, its decision should be reconsidered.") (internal quotation marks omitted). Furthermore, we noted with approval the Eleventh Circuit Court of Appeals decision in Li v. U.S. Att'y Gen., 488 F.3d 1371, 1375-76 (11th Cir. 2007), holding that petitioners' evidence in that case concerning the conduct of local officials in Fujian, including the 2005 State Department Country Report, clearly satisfied the criteria for a motion to reopen removal proceedings. Zheng, 2008 WL 5006072, at *7. In Chen's case, the Board erred with respect to identifying what evidence was new and failed to identify and discuss the various statements contained in the record before it that she submitted with her motion to reopen. Given the Board's failure to discuss most of the evidentiary record, a remand is necessary. Although we will also vacate the Board's order, as in Zheng, 2008 WL 5006072, at *10, we express no view whatever on whether the Board reached the correct result that the evidence Chen presented should not lead to the reopening of her proceedings.

In closing out its written August 13, 2007 decision in Chen's case, the Board stated that "we cannot find that the evidence the respondent submitted establishes that circumstances in China have changed since the respondents' hearing before the

10

Immigration Judge. See Matter of S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007)." We realize that S-Y-G- is the decision issued by the Board following the Second Circuit's remand in Guo, 463 F.3d 109, and, in it, the Board held that the applicant did not meet her burden to show that the proffered evidence reflected "changed circumstances" in China. Specifically, the Board held that the documents submitted, which, as in Chen's case, included the 2003 Changle City Administrative Opinion and the 2003 Fujian Province Administrative Decision, reflected general family planning policies in her home province that did not specifically show any likelihood that she or similarly situated Chinese nationals would be persecuted as a result of the birth of a second child in the United States. Id. at 254-256. With respect to one petitioner whose children were born many years apart, the Board cited the State Department's 2005 Profile of Asylum Claims and Country Conditions for the proposition that provincial law indicates that married couples may apply to have a second child within certain time frames that are being increasingly relaxed. Id. at 256. When the petitioners again sought review in the Second Circuit, their petition for review was denied. See Shao v. Mukasey, 546 F.3d 138 (2d Cir. 2008).

We will not attempt to intuit from the Board's citation, without discussion, to S-Y-G- that the new relevant evidence submitted by Chen actually was considered and rejected by the Board. The Board did not mention the 2003 Changle City Administrative Opinion or 2003 Fujian Province Administrative Decision in its decision, and the Board specifically stated that only the Aird affidavit was new. The Board's decision that the

11

evidence submitted did not establish that circumstances in China had changed since Chen and Liu's hearing rested on that incorrect finding. Furthermore, Chen submitted new evidence with her motion to reopen, The New York Times article, which discussed an activist's representation of thousands of local residents forced to abort fetuses or submit to sterilization, that was not considered or addressed by the Board in S-Y-G-. On remand, the Board should reconsider the appeal and make a more complete analysis of the evidence Chen submitted. With respect to The New York Times article, the Board may also wish to take administrative notice of the 2006 State Department Country Report on China, see generally Shao, 546 F.3d at 166 (discussing when taking administrative notice of recent State Department reports does not violate due process right of aliens).

For the foregoing reasons, we will grant the petition for review, vacate the Board's order denying the motion to reopen, and remand the matter for further proceedings consistent with this Opinion.