IMG-063                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4047
_____

BAO YING CHEN; JIN BAO LIU,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A077-713-720 & A072-432-397)
Immigration Judge: Rosalind K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2011
Before:  AMBRO, GREENAWAY, JR. AND GREENBERG, Circuit Judges

(Opinion filed: March 29, 2011)
_____

OPINION
_____

PER CURIAM

        Bao Ying Chen and Jin Bao Liu petition for review of the Board of Immigration

Appeals' final order of removal.  For the reasons that follow, we will deny the petition for

review.

        Chen originally sought asylum on the basis of political persecution because of her

opposition to China's population control policies.  Chen and Liu were married in 1981,

had a son in 1982, and, after coming to the United States in 1999, Chen gave birth to the couple's daughter. On March 1, 2007, more than two years after the Board's decision, Chen and Liu filed an untimely motion to reopen proceedings with the Board, contending that they had new evidence, not previously available, that China has a policy that Chinese nationals with two children will be subject to family-planning enforcement upon resettlement in China even though one of the children was born in the United States.

Chen and Liu, natives and citizens of China, and wife and husband, were ordered removed by an Immigration Judge after their requests for asylum, withholding of removal, and relief under the Convention Against Torture were denied. The IJ made an adverse credibility finding. In a decision dated February 4, 2005, the Board of Immigration Appeals upheld the IJ's adverse credibility finding, affirmed the decision, and dismissed the appeal. We dismissed their petition for review in Chen v. Gonzales, 173 F. App'x 959 (3d Cir. 2006).

On August 13, 2007, the Board denied the couple's motion to reopen removal proceedings as untimely filed. As an initial matter, the motion was not filed within 90 days as required by 8 C.F.R. § 1003.2. The Board noted that: "The respondent[s] argue[] that their current motion is not subject to the time limitations provided in 8 C.F.R. § 1003.2(c)(2) because they are submitting a new asylum application based on 'changed circumstances arising in the country of nationality' which excuse[s] their otherwise barred motion. *See* 8 C.F.R. § 1003.2(c)(3)(ii) (providing changed circumstances exception). The respondents' claim is based upon the 1999 birth of their United States citizen daughter." A.R. 42. The Board then held that Chen and Liu's evidence did not establish that circumstances in China have changed since the merits hearing.

2

Chen and Liu timely petitioned for review and we granted that petition on the basis of Zheng v. Att'y Gen. of U.S., 549 F.3d 260, 268 (3d Cir. 2008) (Board has duty to explicitly consider any country conditions evidence submitted by applicant that materially bears on his claim). Although we upheld the Board in a number of respects, we concluded that the Board did not consider certain specific items of the couple's evidence. See Bao Ying Chen v. Att'y Gen of U.S., 307 F. App'x 708, 711 (3d Cir. 2009). On remand, Chen and Liu submitted additional evidence consisting of an affidavit from Zhengying Quan (a woman in China who claimed that she was forced to undergo sterilization), her identity card and photographs, and a document from the Population & Family Planning Bureau, Gulou District, Fuzhou City.

On November 30, 2009, the Board again denied the motion to reopen. The Board determined that the new evidence – the affidavit, identity card, and photographs of the woman in China who claimed that she was forced to undergo sterilization – was insufficient to support an untimely motion to reopen based on changed conditions in China because it was not supported by a medical report, sterilization certificate, or any detailed information of the circumstances surrounding the alleged forced sterilization. The Population & Family Planning Bureau document, which purported to be a response to an inquiry submitted on Chen's behalf, was not authenticated either in accordance with the governing regulation, 8 C.F.R. § 1287.6(b), or our precedent, see, e.g., Liu v. Ashcroft, 372 F.3d 529, 533 (3d Cir. 2004) (8 C.F.R. § 287.6 is "not an absolute rule of exclusion"); Leia v. Ashcroft, 393 F.3d 427, 434 (3d Cir. 2005) (aliens may prove authenticity of documents through means other than those identified in 8 C.F.R. § 287.6), and thus the Board would not consider it. The Board stated that Chen and Liu had failed

3

to establish the authenticity of their new evidence in any manner, which the Board suggested was especially problematic for them because the IJ found that they previously had submitted evidence which was fabricated and untruthful.

The Board on remand also specifically considered the evidence we identified in Bao Ying Chen, 307 F. App'x 708, 711-12, and noted that it reflected that China regards a child of Chinese nationals who have not permanently settled in another country as a Chinese national. Nevertheless, this evidence is insufficient to support an untimely motion to reopen based on changed conditions in China, 8 U.S.C. § 1229a(c)(7)(C)(ii), because it did not reflect a change in China's population control policies, nor did it indicate that Chinese nationals who have a second child born in the United States will face forcible sterilization upon their return to China, see, e.g., Matter of S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007).

Chen and Liu have timely petitioned for review. We have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1). The couple contend in their brief that the Board abused its discretion in denying their motion to reopen on remand by failing to properly consider their new evidence and in holding that their evidence was insufficient to establish changed circumstances.

We will deny the petition for review. We review the Board's denial of a motion to reopen for abuse of discretion. Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323 (1992). Under this deferential standard of review, we will not disturb the Board's decision unless it is arbitrary, irrational, or contrary to the law. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). "A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall

4

be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

The "motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened," id. at 1003.2(c)(2), except that the time limitation does not apply where the alien seeks to "apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," id. at 1003.2(c)(3)(ii). See also 8 U.S.C. § 1229a(c)(7)(C)(ii).

Because Chen and Liu's motion to reopen was not filed within the required 90 days, it had to be based on changed country conditions in China with respect to the Chinese government's enforcement of its population control policies. We conclude that the Board did not abuse its discretion in denying their untimely motion to reopen because they did not make the required showing.[1] Under the standards we set forth in Zheng, 549 F.3d 260, the Board must explicitly consider any country conditions evidence that materially bears on an applicant's claim, see id. at 268. On remand, the Board properly

---

[1] The Board originally and on remand understood Chen and Liu to have invoked the "changed circumstances" exception, as did the Attorney General when the case was originally briefed, see Respondent's Brief in C.A. 07-3705, at 11. Accordingly, the Attorney General's current objection to our construction of the basis of the couple's request to have their untimely motion considered on the merits, see Respondent's Brief, at 18-19 n.6, is both inconsistent with his original position and unpersuasive.

considered the specific evidence we identified for consideration in Chen and Liu's case. In evaluating their documentary evidence, the Board relied on its prior evaluation of similar evidence, see Matter of S-Y-G-, 24 I. & N. Dec. 247. This was reasonable. Matter of S-Y-G- held that, despite claims by the asylum applicants of an official policy of sterilization after the birth of two children, the State Department was not aware of such a policy at either the national or provincial level. We note also that Matter of J-W-S-, 24 I. & N. Dec. 185 (BIA 2007), held that the evidence of record did not demonstrate that the Chinese government has a national policy of requiring forced sterilization of a parent who returns with a second child born outside of China, or that Fujian Province officials in particular were particularly likely to punish, by forcible sterilization, returning Chinese nationals with "unauthorized" children born abroad. See also Matter of H-L-H- & Z-Y-Z-, 25 I. & N. Dec. 209, 214 (BIA 2010) ("Although acknowledging that there were 'reportedly' forced sterilizations in Fujian in 2006, the State Department observes [in its 2007 Profile of Asylum Claims] that Consulate General officials visiting Fujian have found that coercion through public and other pressure has been used, but they did not find any cases of physical force employed in connection with abortion or sterilization.").

Although we did not direct the Board to consider any new evidence on remand, Chen and Liu were permitted to submit additional evidence. The Board considered it and rejected it as unreliable and insufficient, and we conclude that this was not an abuse of the Board's discretion. Chen and Liu contend that the document from the Population & Family Planning Bureau, Gulou District, Fuzhou City, dated February 8, 2009, was not given meaningful consideration by the Board as required by Zheng. See Petitioner's Brief, at 7, 9. They also argue that the Board should have remanded the matter to the IJ

6

so that the State Department could investigate its authenticity. See id. at 7, 10. In addition, they argue that the documents relating to Zhengying Quan, the woman in China who stated that she had been forcibly sterilized, were authentic on their face. See id. at 8. They submit that their new evidence is reliable and authentic and establishes that circumstances in China have changed.

The Population & Family Planning Bureau document states in the first paragraph that Chen "has violated Section 2, Article 5 stipulated in the Regulations" of Fujian Province. A.R. 7. "She must pay a fine of RMB 31,005 to Family Planning Bureau at Gulou District in accordance with the provincial penalty rules, section 7, (36)(2) for over-born child." Id. Paragraph 2 states in pertinent part that Chen's children are citizens of China even though they were born in the United States. See id. Paragraph 3 states that China's family planning policies will apply to Chinese nationals who engage in reproductive behavior overseas if those individuals do not have permanent residence status overseas or a visa stay for at least three years. See id. Paragraph 4 states that Chen's children do not fall into any "waiver exception," and she thus is in violation of the Fujian Province Population and Family Planning Regulations. Id. Paragraph 5 states: "Chen, Bao Ying must be sterilized pursuant to the Fujian Province Population and Family Planning Regulations." Id. A concluding unnumbered paragraph states: "It is hereby decreed!" Id.

The Board rejected this document because it was not authenticated, and we conclude that the Board did not abuse its discretion in doing so. We have reviewed the document and agree that it is questionable on its face. The document is unsigned and its authors are not identified. See generally Matter of H-L-H-, 25 I. & N. Dec. at 214 ("The

7

documents obtained for the respondent from the Hai Xin Street Resident Committee of Huang Qi Town and from the Tong Xin Villager Committee of An Kai Township, both of Lian Jiang County, are entitled to minimal weight. These documents, which were obtained for the purpose of the hearing, are unsigned and unauthenticated and fail to even identify the authors.").  Chen and Liu made no effort to authenticate this document either in accordance with 8 C.F.R. § 1287.6(b), or our more lenient precedent, see Leia, 393 F.3d at 434.  In addition, when submitting the additional evidence on remand, Chen and Liu did not ask the Board for a remand to the IJ for the purpose of authenticating their new evidence; they simply asked the Board to consider it without profferingany potentially authenticating information, or an explanation about why such information was unavailable.  A.R.  5.  The Board, in the exercise of its discretion, also properly considered Chen and Liu's history, as found by the IJ, of submitting fabricated and untruthful documents in concluding that the Population & Family Planning Bureau document required authentication in *some* manner.

The affidavit from Zhengying Quan states that she was forced to undergo sterilization on March 26, 2008, and she believes that Chen will be sterilized if she is sent back to China.  The Board determined that the affidavit was insufficient to support an untimely motion to reopen based on changed conditions in China because it was not persuasive on its face.  It did not contain any detailed information of the circumstances of Zhengying Quan's sterilization, nor was it corroborated by independent evidence, such as medical records or a sterilization certificate.  We have reviewed Zhengying Quan's affidavit, A.R. 10, and conclude that the Board's determination of unreliability was neither arbitrary, irrational, or contrary to the law.  See Guo, 386 F.3d at 562.  In addition

8

to the problems noted by the Board, the affidavit does not show that Quan and Chen are similarly situated in that Quan does not specifically state that any of her children were born in the United States, cf. Fen Gui Lin v. Holder, 588 F.3d 981, 989 (9th Cir. 2009) (finding it significant that the asylum applicants were unable to point to evidence of any person being forcibly sterilized on removal to China based on having two children born in the United States); Shao v. Mukasey, 546 F.3d 138, 164 (2d Cir. 2008) (same).

For the foregoing reasons, we will deny the petition for review